HENRY ZUCKER, Respondent, v. CHARLES ZAREMBOWITZ,
Appellant.

First Department, January 18, 1918.

**False imprisonment — malicious prosecution — request by defend-
ant for general verdict rather than findings on separate causes —
evidence not justifying finding of want of probable cause —
erroneous charge as to right of officers to arrest without warrant.**

Where in an action uniting causes for false imprisonment and malicious
prosecution the court directed the jury to make separate findings as to
each cause of action, but, after the defendant's objection, the court
acceded to his request for a general verdict which was rendered for the
plaintiff, the judgment will be affirmed on appeal if there is evidence to
sustain a verdict on either cause of action, for any confusion existing was
caused by the defendant himself.

It appeared that an electric motor owned by the defendant disappeared
from his place of business, and he, having been informed as to its where-
abouts, called at the plaintiff's store with two police officers where the
motor was identified as that belonging to the defendant by comparing its
number with that on the original bill of sale.   The plaintiff claimed that
he bought it at an auction at a place he could not emember, which state-

ment was afterwards proven to be false when he was taken to the police station by the officers, apparently on their own responsibility. On all the evidence, *held,* that a finding by the jury that the defendant acted without probable cause in bringing about the arrest of the plaintiff was against the weight of evidence, even if it be assumed that the defendant did instigate the arrest, and hence the cause of action for malicious prosecution was not established.

Moreover, the judgment based on false arrest and imprisonment cannot stand where the court erroneously instructed the jury that the offense charged against the plaintiff was a misdemeanor so that the arrest could not be made without warrant, when as a matter of fact the plaintiff was charged with knowingly receiving stolen property which is a felony and would justify an arrest without warrant.

APPEAL by the defendant, Charles Zarembowitz, from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 20th day of April, 1917, upon the verdict of a jury for $250, and also from an order entered in said clerk's office on the 11th day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

*Jacob C. Brand,* for the appellant.

*Joseph Gans* of counsel [*Gans, Davis & O'Neill,* attorneys], for the respondent.

DOWLING, J.:

The complaint herein sets forth two causes of action — one for false arrest and imprisonment, the other for malicious prosecution. Both issues were submitted to the jury and the trial court had directed the jury to separate its findings and to indicate, if it found for plaintiff, how much it awarded him on each cause of action, when defendant objected and insisted on a general verdict, to which the court acceded, and the verdict accordingly was rendered for plaintiff, against the appellant herein, in the sum of $250. If, therefore, the verdict could be sustained as to either cause of action the judgment would have to be affirmed and for any confusion thus caused the defendant himself is responsible by his protest against having the recovery appropriately divided. But I am of opinion that the judgment cannot be sustained either

on the theory of false arrest or of malicious prosecution. As to the latter cause of action, the finding of the jury that the defendant acted without probable cause in bringing about the arrest of plaintiff is against the weight of the evidence. Defendant was engaged in business in East Houston street, in the city of New York, selling, among other things, electric motors. He purchased a motor, No. 304,076, from the Victor Electric Company. It weighed about twenty pounds and was used for dental and jewelry polishing. Its selling price at retail was from thirty to thirty-five dollars. About two weeks before the occurrence in question, this motor disappeared from defendant's place of business. It was a new motor, having been used only in demonstrating it. Having received information as to its whereabouts from some undisclosed source, defendant called with two police officers at plaintiff's place of business as an electrical contractor in Delancey street in the same city. There defendant saw his motor in the window, identified it, and having entered the store, compared the number on the motor with that on his original bill, which he had brought with him, and in the presence of one of the officers verified the fact that the numbers corresponded. The officer asked plaintiff what the price of the motor was, and was told by him it was ten dollars. The officer then said: "You know I am a policeman and I would like to know where you got that motor." Plaintiff replied that he bought it at an auction sale at some place in Twenty-seventh street, admitted he had no bill for it, and said he could not show the officer the place, as he did not remember where it was. The officers, concluding he was not telling the truth and as no further explanation of his obtaining the motor was forthcoming, arrested plaintiff and took him to the police station. Not only is this testimony of defendant as to what took place corroborated by the two officers, Ransburg and Wuchner, but plaintiff admitted that he had told the officers that he bought the motor at an auction sale in Twenty-seventh street. Concededly this was false, for at the station house plaintiff told an entirely different version, to the effect that about two months previously two unknown men had come into his store with this motor, which they left to be repaired and he did repair it at a cost of five dollars; that the men returned the

following day, said they had changed their minds and were going to buy a new motor and thereupon he bought the motor from them, paying them two dollars, its estimated value as fixed by him over the cost of repairs. He claimed the motor was second-hand and looked as if it had been working for ten years. The defendant was corroborated by the two officers as to the motor being new when they examined it in plaintiff's store, and an expert testified that the condition of the interior of the motor showed it had not been in operation more than twenty minutes. The motor in question was produced upon the trial and was exhibited to support the testimony as to its new condition. While the testimony is not convincing that defendant caused the arrest of plaintiff and while it may be fairly claimed that the police officers acted upon their own initiative in finally making the arrest, yet even assuming that defendant did instigate the arrest of plaintiff, I think the finding that he acted without probable cause was against the weight of the testimony. Considering the facts as they presented themselves at the time of the arrest, plaintiff had in his possession a new motor, identified by defendant as his property and supported by the evidence of his bill therefor, with the number on bill and motor the same. Defendant had never parted with this motor, but it had disappeared from his store, with a fair inference that it had been stolen therefrom. It was found at plaintiff's store, and though worth from thirty dollars to thirty-five dollars, was offered for sale at the inadequate price of ten dollars. Plaintiff offered an explanation for its acquisition by him which was so indefinite and vague and so opposed to any course of honest business dealing as to be as patently untruthful as it was afterwards conceded to be. It was this obvious falsity of plaintiff's story and his inability to give any satisfactory statement of the way he came into possession of the motor that caused the officers to place him under arrest. Whether his subsequent explanation is more plausible we are not called upon to determine. It is enough to say that the weight of the evidence is against the finding that defendant, if he caused the arrest of plaintiff, did so without probable cause.

As to the other cause of action, that for false arrest, the verdict cannot stand because of an error in the charge of

the trial court as to that particular cause of action. The court instructed the jury explicitly that the offense charged against plaintiff was a misdemeanor, and, therefore, neither the police officers nor a private person had the right to arrest him without a warrant. The crime with which plaintiff was charged was that of receiving stolen property of the value of thirty-five dollars during June, 1914, knowing the same to have been stolen, and that was not then a misdemeanor, but a felony. (Penal Law, § 1308, as amd. by Laws of 1914, chap. 93.)* The court having charged that the offense was a misdemeanor, and that no arrest could lawfully have been made without a warrant, the jury as to this cause of action had no more left them to do than to assess damages. The court made no charge as to what defendant was required to prove to show that a felony had in fact been committed and that, therefore, the officer was warranted in making the arrest without a warrant. (Code Crim. Proc. § 177, subds. 2, 3.)

The judgment appealed from will, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SCOTT and SMITH, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.

---

* Since amd. by Laws of 1916, chap. 366.— [REP.